IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BASF CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. _____ |
| | ) |
| JOHNSON MATTHEY INC., | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT FOR PATENT INFRINGEMENT**

BASF Corporation for its complaint against Johnson Matthey Inc. in this action alleges:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff BASF Corporation ("BASF") is a corporation organized and existing under the laws of the state of Delaware, having its principal place of business at 100 Park Avenue, Florham Park, NJ 07932.

2. Defendant Johnson Matthey Inc. ("JMI") is a corporation organized and existing under the laws of the state of Pennsylvania, having a place of business at 435 Devon Park Dr., Wayne, PA 19087.  JMI is registered to do business in the state of Delaware, does business in the state of Delaware, and has an agent for service of process in the state of Delaware.

3. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 et seq.

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338.

5. This Court has personal jurisdiction over JMI at least because JMI has systematic and continuous contacts with and within Delaware, does business in Delaware, and has

purposefully availed itself of the benefits and protections of Delaware's laws such that JMI should reasonably anticipate being sued in the state of Delaware.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

## BASF'S AND JMI'S PRODUCTS

7. BASF and JMI are direct competitors in the mobile emissions control catalyst and catalyst systems industry in the United States and globally. One particular market for such emissions control catalysts and catalyst systems, in which BASF and JMI compete directly, is the heavy duty diesel engine market.

8. BASF manufactures and supplies substrates coated with catalyst materials that are used in heavy duty diesel truck exhaust systems to control and reduce the emission of nitrogen oxides (often referred to as "NOx") and ammonia gases into the atmosphere.

9. In competition with BASF, JMI manufactures catalyst systems comprising substrates coated with catalytic materials for reducing NOx and ammonia emissions, and JMI offers for sale and sells such catalyst systems to heavy duty diesel engine manufacturers and/or their exhaust system suppliers (known in the industry as canners and/or exhaust system integrators). JMI manufactures and supplies such catalyst systems comprising a substrate coated with a material composition effective to catalyze selective catalytic reduction (SCR) of NOx and a material composition effective for catalyzing ammonia oxidation (AMOx).

## THE PATENT-IN-SUIT

10. BASF is the owner of all right, title, and interest in U.S. Patent No. 8,524,185 ("the '185 patent"), which was issued September 3, 2013. The '185 patent is entitled "Integrated SCR and AMOx Catalyst Systems." A true and correct copy of the '185 patent with its Certificate of Correction is attached hereto as Exhibit A.

11. The '185 patent discloses and claims certain catalyst systems comprising a substrate coated with a material composition effective to catalyze SCR of NOx and a material composition effective for catalyzing AMOx that may be used, *inter alia*, to control and reduce NOx and ammonia emissions from the exhaust system of a diesel engine. The '185 patent denotes such a catalyst system as an "integrated SCR+AMOx catalyst system."

### JMI'S KNOWLEDGE OF THE '185 PATENT

12. On or about May 16, 2014, a BASF employee in BASF's mobile emissions catalysts business unit communicated by email to a JMI employee in Johnson Matthey's emission control technologies division that the '185 patent, "Integrated SCR and AMOx Catalyst Systems," as well as U.S. Patent No. 8,293,182 with the same title, had been issued. The BASF employee stated that "[if] you are interested in obtaining a license to practice this technology, please contact me and we will be glad to enter into a discussion." On or about May 27, 2014, the JMI employee responded by email: "At this point we are not interested in taking a license to these patents. If this changes we will contact you. Thank you for letting us know."

### COUNT I: PATENT INFRINGEMENT
(INFRINGEMENT OF U.S. PATENT NO. 8,524,185)

13. BASF incorporates by reference, as if set forth herein, paragraphs 1 to 12.

14. JMI has infringed, is infringing, and will infringe the '185 patent, including, without limitation, by offering for sale, selling, manufacturing, and/or using within the United States catalyst systems comprising a substrate coated with a material composition effective to catalyze SCR of NOx and a material composition effective for catalyzing ammonia oxidation, as claimed in the '185 patent.

15. Since the '185 patent was issued on September 3, 2013, JMI has been infringing the '185 patent.

16. JMI has manufactured, offered for sale, sold, and/or used within the United States its catalyst systems with actual knowledge, at the latest by May 27, 2014, of the existence of the '185 patent.

17. JMI has manufactured, offered for sale, sold, and/or used within the United States its catalyst systems with actual knowledge, at the latest by May 27, 2014, of the relevance of the '185 patent to integrated SCR and AMOx catalyst systems, in particular JMI's integrated SCR and AMOx catalyst systems.

18. JMI's infringement has been, is, and will continue to be, willful. Given at least JMI's actual knowledge of the existence of the '185 patent and JMI's actual knowledge of the '185 patent's relevance to JMI's integrated SCR and AMOx catalyst systems, JMI has acted, is acting, and will act, including by manufacturing, offering for sale, selling, and/or using within the United States its catalyst systems, despite an objectively high likelihood that such actions constitute infringement of a valid patent (i.e., the '185 patent), and this objectively high likelihood was either known by JMI or so obvious given JMI's knowledge that it should have been known to JMI.

19. JMI's infringing conduct has caused and is causing irreparable harm to BASF for which BASF has no adequate remedy at law, and such irreparable harm will continue unless and until JMI is enjoined by the Court.

## **PRAYER FOR RELIEF**

WHERFORE, BASF respectfully requests that this Court:

a. enter judgment that JMI has infringed and is infringing the '185 patent;

b. issue a permanent injunction restraining JMI from engaging in any further activities that infringe the '185 patent;

c. enter judgment that JMI's infringement has been willful;

      d.    award BASF damages from JMI in accordance with 35 U.S.C. § 284, including at least a reasonable royalty and any lost profits, together with interest and costs;

      e.    provide BASF with enhanced damages by increasing the awarded damages to BASF by three times pursuant to 35 U.S.C. § 284;

      f.    declare this case to be "exceptional" and award BASF its reasonable attorney fees in accordance with 35 U.S.C. § 285; and

      g.    provide such other and further relief as this Court deems just and proper.

## JURY DEMAND

BASF hereby demands a trial by jury on all issues triable to a jury.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Mary B. Graham*

Mary B. Graham (#2256)
Thomas Curry (#5877)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
mgraham@mnat.com
tcurry@mnat.com
   *Attorneys for BASF Corporation*

OF COUNSEL:

Rachel Krevans
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
(415) 268-7178

Jayson L. Cohen
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019-9601
(212) 336-4068

September 17, 2014
8503695